# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| CAPE DOGWOOD REDEVELOPMENT CORP., | ) )  ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19CV23 RLW ) |
| GLOBAL BOWLING, LLC, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Brent Dyer and Michael Conejo's and Defendant Global Bowling, LLC's separate Motions to Dismiss or, in the Alternative, for a More Definite Statement. (ECF Nos. 8 & 9, respectively) After careful consideration, the Court grants the motions, in part, and denies the motions, in part, as explained herein.

## BACKGROUND[1]

Plaintiff Cape Dogwood Redevelopment Corporation is remodeling a building located in Cape Girardeau to open and operate a social entertainment establishment, which will include bowling as well as other games and entertainment. (ECF No. 2, at ¶¶ 7-8) Defendant Global Bowling, LLC contacted Plaintiff and offered to sell and install certain bowling equipment, including, but not limited to, balls pins, shoes, lanes, and pinsetters. (*Id.* at ¶ 11) Defendant Brent Dyer (managing partner, owner, and agent of Global Bowling) "traveled to Cape Girardeau, Missouri and visited Plaintiff's representative at Plaintiff's representative's home."

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

(*Id.* at ¶ 12) At that meeting, Dyer offered to provide and install bowling equipment and other material, including furniture, imaging, and lighting. (*Id.* at ¶ 13)

Plaintiff made an initial payment of $140,000 for the services and has made additional payments since.[2] (*Id.* at ¶¶ 16-18) Despite receiving multiple payments from Plaintiff, Global Bowling has allegedly "failed and refused to deliver and install the materials promised." (*Id.* at ¶ 19) Representatives for Global Bowling traveled to Cape Girardeau on multiple occasions and "assured Plaintiff that materials would be delivered and installed shortly." (*Id.* at ¶ 21) On one such occasion, Dyer and Defendant Michael Conejo represented the materials would be delivered. (*Id.* at ¶ 22) Relying on these representations, Plaintiff made additional payments. (*Id.* at ¶ 23) "Despite these additional payments and other payments, the vast majority of materials have still not been delivered and installed." (*Id.* at ¶ 24) Eventually, Plaintiff purchased materials from separate vendors at a higher price. (*Id.* at ¶ 26)

Plaintiff filed a three-count petition in state court against Global Bowling, Dyer, and Conejo (referred to collectively as "Defendants"): fraud (Count I), breach of contract (Count II), and unjust enrichment (Count III). Dyer and Conejo (referred to as "Individual Defendants") removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Individual Defendants and Global Bowling filed separate Motions to Dismiss or, in the Alternative, for a More Definite Statement. (ECF Nos. 8 & 9, respectively) Both motions are fully briefed.

---

[2] Plaintiff has attached multiple invoices to the petition. (ECF No. 2-1) "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). "For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider materials attached to the complaint." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 921 (8th Cir. 2001).

## LEGAL STANDARD

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

## DISCUSSION

### I. Sufficiency of Plaintiff's pleadings alleging fraud

Defendants first argue Plaintiff's fraud claim (Count I) should be dismissed because it fails to meet the higher pleading standard as required by Federal Rule of Civil Procedure 9(b).

> To state a claim for fraud under Missouri law, a plaintiff must allege:
>
> (1) a false, material representation; (2) the speaker's knowledge of the falsity or his ignorance of the truth; (3) the speaker's intent that the hearer act upon the representation in a manner reasonably contemplated; (4) the hearer's ignorance of the representation; (5) the hearer's reliance on the truth of the representation; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury.

*Kulovic v. BAC Home Loans Servicing, L.P.*, No. 4:10-CV-2058 CAS, 2011 WL 1483374, at *12-13 (E.D. Mo. Apr. 19, 2011) (quoting *Kempton v. Dugan*, 224 S.W.3d 83, 87 (Mo. Ct. App. 2007) ). Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "This particularity requirement demands a higher degree of notice than that required for other claims." *U.S. ex rel. Thayer v. Planned Parenthood of the Heartland*, 765 F.3d 914, 916 (8th Cir. 2014) (quoting *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003)). "[T]o satisfy Rule 9(b)'s particularity requirement, 'the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.'" *Id.* at 916-17 (quoting *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)). "Put another way, the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *Joshi*, 441 F.3d at 556 (quoting *Costner*, 317 F.3d at 888). Although Rule 9(b) does not require a plaintiff to allege specific details of every alleged fraudulent claim, a plaintiff may not simply rely on a generalized conclusion that the defendant engaged in noncompliant conduct. *U.S. ex rel. Dunn v. N. Mem'l Health Care*, 739 F.3d 417, 420 (8th Cir. 2014). "Instead, [a plaintiff] 'must provide some representative examples of [defendants'] fraudulent conduct, specifying the time, place, and content of their acts and the identity of the actors.'" *Id.* (quoting *Joshi*, 441 F.3d at 557).

Here, Defendants argue Count I fails to allege with particularity the "who, what, where, and when" of the alleged fraud. *See Joshi*, 441 F.3d at 556. Count I does not state the date(s) on which the allegedly fraudulent representations occurred, the specific statements that were made by each Individual Defendant, or the recipient(s) of each allegedly fraudulent representation. Plaintiff argues the information in the petition are sufficient at this stage of the litigation. The petition alleges Individual Defendants made the allegedly fraudulent statements in Cape Girardeau. Additionally, while the petition does not specify on which exact dates the verbal statements were made, the attached invoices are dated and, thus, indicate when the written communications were made.

The Court agrees with Plaintiff and finds these allegations sufficient at this stage of the litigation for Defendants to frame a response to Plaintiff's fraud claim. "The special nature of fraud does not necessitate anything other than notice of the claim; it simply necessitates a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001). "Furthermore, the overarching principles of notice pleading dictate that a plaintiff does not need to plead fraud 'with complete insight before discovery is complete.'" *U.S. ex rel. Fields v. Bi-State Dev. Agency of the Mo.-Ill. Metro. Dist.*, No. 4:14 CV 1321 RWS, 2015 WL 5158398, at *4 (E.D. Mo. Sept. 2, 2015) (quoting *Gunderson v. ADM Investor Servs., Inc.*, 230 F.3d 1363, at *3 (8th Cir. 2000)). The Court agrees with Defendants, however, with regard to Plaintiff's allegations concerning the identity of the recipient of Individual Defendant's representations. Merely alleging Individual Defendants "visited Plaintiff's representative at Plaintiff's representative's home" (ECF No. 2, at ¶ 12) is insufficient to satisfy Rule 9(b). Accordingly, the Court grants the motion for more definite

statement with regard to the identity of the recipient of Individual Defendants' allegedly fraudulent statements.

Next, Individual Defendants argue Plaintiff's claims for breach of contract (Count II) and unjust enrichment (Count III) should be dismissed against them because individual members of a limited liability company and employees are generally not liable for acts of company. *See Hibbs v. Berger*, 430 S.W.3d 296, 306 (Mo. Ct. App. 2014) ("[S]hareholders of a corporation or members of an LLC, generally, are not liable for the debts of their corporation or LLC."). Plaintiff, however, states those counts are not asserted against Individual Defendants at all. The factual allegations supporting Counts II and III are directed at Global Bowling *only* whereas the factual allegations supporting Count I addresses conduct by "Defendants," which the introductory paragraph of the petition clearly establishes is used to refer to Global Bowling, Dyer, and Conejo collectively. (ECF No. 2, at 1) The Court agrees with Plaintiff that the petition clearly asserts Counts II and III against Global Bowling *only*. Therefore, Individual Defendants' request to dismiss Counts II and III against them is denied as moot.

Defendants also argue Plaintiff's claim for unjust enrichment (Count III) should be dismissed because Plaintiff has also asserted a claim for breach of an express contract. "If the plaintiff has entered into an express contract for the very subject matter for which he seeks recovery, unjust enrichment does not apply, for the plaintiff's rights are limited to the express terms of the contract." *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010). Because the facts supporting Plaintiff's claim for unjust enrichment are the same as those supporting its claim for breach of contract, Defendants argue it can only seek to recover damages for the alleged breach of contract and the claim for unjust enrichment should be dismissed.

Plaintiff argues a party may assert alternative claims for breach of an express contract and equitable relief. *See Guarantee Elec. Constr. Co. v. LVC Tech., Inc.*, No. 4:05CV8949 JCH, 2006 WL 950204, at *2 (E.D. Mo. April 10, 2006). Whether a party may plead in the alternative is procedural in nature, and thus the Court will apply the law of the forum state. *See Superior Edge, Inc. v. Monsanto Co.*, Civil No. 12-2672 (JRT/FLN), 2014 WL 4414764, at *6 (D. Minn. Sept. 8, 2014) ("[T]he Federal Rules of Civil Procedure explicitly allow parties to include in their pleadings demands for alterative relief . . . ."); *Sargent v. Justin Time Transp., L.L.C.*, No. 4:09CV596 HEA, 2009 WL 4559222, at *2 (E.D. Mo. Nov. 30, 2009) ("Pleading in the alternative is clearly allowed under Federal Rule of Civil Procedure 8(e)."). Missouri law does not allow *recovery* under both an express contract and equitable theories of relief. *Level 3 Commc'ns, LLC v. Ill. Bell Tel. Co.*, No. 4:14-CV-1080 (CEJ), 2014 WL 414908, at *6 (E.D.Mo. Feb. 4, 2014). However, a plaintiff may plead alternative claims for relief in the complaint. *Id.*; *see also Superior Edge*, 2014 WL 4414764, at *6 (citations omitted) ("In reliance upon the Rule 8, federal courts in Missouri have consistently denied motions to dismiss quasi-contract claims even where the pleading also alleges the existence of an express contract.").

Other courts in this district have allowed plaintiffs to plead alternative theories for unjust enrichment alongside a claim for breach of an express contract. *See, e.g., Chem Gro of Houghton, Inc. v. Lewis Cty. Rural Elec. Co-op. Ass'n*, No. 2:11CV93 JCH, 2012 WL 1025001, at *3 (E.D. Mo. Mar. 26, 2012) (quoting *Owen v. General Motors Corp.*, No. 06-4067-CV-C-NKL, 2006 WL 2808632, at *2 (W.D. Mo. Sept. 28, 2006)) ("[T]he fact that a plaintiff cannot simultaneously recover damages for both breach of an express contract and unjust enrichment does not preclude that plaintiff from pleading both theories in her complaint.") (alteration in *Chem Gro*); *Asbury Carbons, Inc. v. Sw. Bank, an M & I Bank*, No. 4:10-CV-878 CEJ, 2011

WL 1086067, at *4 (E.D. Mo. Mar. 22, 2011) ("While unjust enrichment is often a last resort, plaintiff can submit alternate theories of recovery supported by the same actions which allegedly give rise to its breach of contract, conversion and other claims."); *cf Dubinsky v. Mermart LLC*, No. 4:08-CV-1806 (CEJ), 2009 WL 1011503, at *5 (E.D. Mo. Apr. 15, 2009), *aff'd*, 595 F.3d 812 (8th Cir. 2010) (dismissing a claim for unjust enrichment and noting the plaintiffs alleged alternative theory "seeks recovery for events arising solely out of the [contract]").

Here, the petition does not explicitly state that Plaintiff's unjust enrichment claim is pled "in the alternative to" its breach of contract claim. However, this fact is not fatal. "The liberal policy reflected in Rule 8(d)(2) mandates that courts not construe a pleading 'as an admission against another alternative or inconsistent pleading in the same case.'" *Chem Gro*, 2012 WL 1025001, at *3 (quoting *McCalden v. Cal. Library Ass'n.*, 955 F.2d 1214, 1219 (9th Cir. 1990)). As in *Chem Gro*,

> while the unjust enrichment claim . . . is not explicitly pled in the alternative to Plaintiff's other claims, Plaintiff clearly intended its unjust enrichment claim to operate as an alternative cause of action to Plaintiff's breach of contract . . . claim[]. . . . The Court will not require hypertechnicality in pleading these claims in the alternative and will not dismiss Plaintiff's unjust enrichment claim based on the failure to use more precise wording.

*Id.* Consequently, the Court will allow Plaintiff to pursue its alternative claims for breach of contract and unjust enrichment.

Lastly, Defendants argue they are entitled to a more definite statement regarding Plaintiff's breach of contract claim because Plaintiff has not identified what equipment was not provided beyond alleging "the vast majority of materials have still not been delivered and installed." (ECF No. 2, at ¶ 24) Specifically, Defendants ask the Court to require Plaintiff to "identify that equipment, the date it contends the equipment was paid for, the amount it believes

was paid for that equipment, and the date upon which the equipment was required to be delivered." (ECF No. 8-1, at 7; ECF No. 9-1, a 6)

Plaintiff counters that the petition provides sufficient information for Defendants to frame their responses. Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). However, when a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite [statement] under Rule 12(e) before responding." *Whitehead v. City of St. Louis*, No. 4:09CV483 CDP, 2009 WL 4430699, at *1 (E.D. Mo. Nov. 24, 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

The Court finds Plaintiff's pleadings are not unintelligible to necessitate a more definite statement. "Because of liberal notice pleading and the availability of extensive discovery, motions for a more definite statement are universally disfavored." *McCoy v. St. Louis Pub. Sch.*, 4:11CV918 CDP, 2011 WL 4857931, at *2 (E.D. Mo. Oct. 13, 2011). "Rule 12(e) is not designed to remedy an alleged lack of detail" but simply "intended to serve as a means to remedy unintelligible pleadings." *Boswell v. Panera Bread Co.*, 91 F. Supp. 3d 1141, 1144 (E.D. Mo. 2015). "The only question is whether it is possible to frame a response to the pleading." *Id.* Defendants' complaint that Plaintiff's allegations merely lack sufficient detail concerning what equipment has not been provided does not constitute a basis for relief at this stage. *See Delmar Fin. Co. v. Ocwen Loan Servicing, LLC*, No. 4:18CV00208 AGF, 2018 WL 4538984, at *3 (E.D.

Mo. Sept. 21, 2018). Such details will undoubtedly be expounded during the course of discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Brent Dyer and Michael Conejo's and Defendant Global Bowling, LLC's separate Motions to Dismiss or, in the Alternative, for a More Definite Statement (ECF Nos. 8 & 9, respectively) are **GRANTED, in part,** as they relate to the motion for a more definite statement concerning the recipient of the allegedly fraudulent representations, **and DENIED, in part,** as to the other arguments.

**IT IS FURTHER ORDERED** that Plaintiff Cape Dogwood Redevelopment Corp. is granted ten (10) days from the date of this Memorandum and Order to file an amended complaint.

Defendants are reminded of their obligation to answer or otherwise respond to the amended complaint within the time set by the rules.

Dated this 10th day of September, 2019.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**