UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CAPE DOGWOOD REDEVELOPMENT CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-CV-23 RLW |
| ) | |
| GLOBAL BOWLING, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on attorneys Jason A. Wheeler, William R. Wurm, and the law firm Thompson Coburn LLP's (collectively, "Thompson Coburn") Motion to Withdraw as Counsel (ECF No. 29) for Defendants Global Bowling, LLC, Michael Conejo, and Brent Dyer (collectively, "Defendants"). The Motion states that "[p]rofessional considerations have arisen that make it necessary for Thompson Coburn to withdraw as counsel for Defendants in this matter;" "Missouri Rule of Professional Conduct 1.6 precludes Thompson Coburn from providing further detail concerning the professional considerations that have arisen necessitating its withdrawal;" and "Defendants were notified on April 13, 2020, and again on June 4, 2020, of the need for Thompson Coburn to file this Motion." (Id. at 1.)

The Motion does not provide the Court with any information regarding the "professional considerations" constituting cause for withdrawal, but requests "appropriate extensions of the remaining deadlines in the Court's Scheduling Order to minimize any potential prejudice to Defendants." (Id.) The Amended Complaint (ECF No. 19) in this diversity case asserts claims for fraud, breach of contract, and unjust enrichment. The Court notes that an Amended Case

Management Order was issued on May 4, 2020 (ECF No. 28), and the case is set for trial on April 19, 2021 (ECF No. 26).

The Court has adopted the Rules of Professional Conduct of the Supreme Court of Missouri. See E.D. Mo. L.R. 12.02. According to the Rules of Professional Conduct, a lawyer may withdraw from representation of a client if the withdrawal can be accomplished without material adverse effect on the interests of the client, or if good cause for withdrawal exists. See Missouri Supreme Court Rule of Professional Conduct 4-1.16(b). Further, "a lawyer shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating the representation." R. Prof. Conduct 4-1.16(c).

The Court generally will not allow an attorney to withdraw unless substitute counsel enters an appearance for the client. This rule is especially significant in cases where the client is a corporation or limited liability company. Such artificial entities can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) (artificial entities may appear in federal courts only through licensed attorneys). If the Court grants the Motion to Withdraw, Defendant Global Bowling, LLC, would be a pro se party, as would Defendants Conejo and Dyer.

Defendant Global Bowling, LLC is a limited liability company that cannot appear or file any papers or motions in this case except through a licensed attorney. Therefore, this Defendant must either secure new counsel within the time allowed by the Court or be subject to a potential default judgment entered in favor of Plaintiff. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (corporation was technically in default as of the time its counsel withdrew); R. Maganlal & Co. v. M.G. Chem. Co., Inc., 1996 WL 715526 at *2

(S.D.N.Y. Dec. 12, 1996) ("Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel.").

The Court will withhold ruling on Thompson Coburn's Motion to Withdraw as Counsel for a period of thirty (30) days from the date of this Order to allow Defendant Global Bowling, LLC time to obtain substitute counsel. If Defendant Global Bowling, LLC fails to obtain substitute counsel within the time allowed, the Court will proceed to consider the merits of the Motion to Withdraw as Counsel.

If Thompson Coburn believes that an emergency situation exists, it may file an ex parte supplement to its Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Global Bowling, LLC shall obtain new counsel and this Defendant's substitute counsel shall enter an appearance in this case by **July 15, 2020**.

**IT IS FURTHER ORDERED** that attorneys Jason A. Wheeler, William R. Wurm, and the law firm Thompson Coburn LLP shall provide a copy of their Motion to Withdraw as Counsel and this Memorandum and Order to the Defendants and file a Notice with the Court certifying they have done so by **June 19, 2020**.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of June, 2020.