UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CAPE DOGWOOD REDEVELOPMENT CORP., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 1:19-CV-23 RLW |
| GLOBAL BOWLING, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Withdraw as Counsel for Defendants Global Bowling, LLC, Michael Conejo, and Brent Dyer (ECF No. 29) filed by attorneys Jason A. Wheeler, William R. Wurm, and the law firm Thompson Coburn LLP (collectively, "Thompson Coburn").

I.   Motion to Withdraw

Thompson Coburn filed the Motion to Withdraw on June 12, 2020, which states in part that "[p]rofessional considerations have arisen that make it necessary for Thompson Coburn to withdraw as counsel for Defendants in this matter;" "Missouri Rule of Professional Conduct 1.6 precludes Thompson Coburn from providing further detail concerning the professional considerations that have arisen necessitating its withdrawal;" and "Defendants were notified on April 13, 2020, and again on June 4, 2020, of the need for Thompson Coburn to file this Motion." (ECF No. 29 at 1.)

The Court issued a Memorandum and Order on June 15, 2020 (the "Order"), that withheld ruling on Thompson Coburn's Motion to Withdraw as Counsel for a period of thirty

days, to allow Defendant Global Bowling, LLC time to obtain substitute counsel. (ECF No. 30.) The Order stated, "Defendant Global Bowling, LLC is a limited liability company that cannot appear or file any papers or motions in this case except through a licensed attorney. Therefore, this Defendant must either secure new counsel within the time allowed by the Court or be subject to a potential default judgment entered in favor of Plaintiff." (Id. at 2) (citations omitted). The Court ordered Defendant Global Bowling, LLC to obtain substitute counsel and have counsel enter an appearance in this case by July 15, 2020. The Court stated, "If Defendant Global Bowling, LLC fails to obtain substitute counsel within the time allowed, the Court will proceed to consider the merits of the Motion to Withdraw as Counsel." (Id. at 3.) The Court ordered Thompson Coburn to provide the Defendants with a copy of the Order and file a Notice stating it had done so. (Id.) Thompson Coburn filed a Notice stating it provided copies of the Order to the Defendants by certified mail/return receipt and by email. (ECF No. 31.)

No substitute counsel has entered an appearance for Defendant Global Bowling, LLC within the time permitted. The Court finds Defendants received adequate notice that it would permit their attorneys to withdraw from their representation in this matter. Consequently, the Court will grant Thompson Coburn's Motion to Withdraw as Counsel for the Defendants.

II.     Default by Global Bowling, LLC

A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). "It is settled law that a corporation may be represented only by licensed counsel." S & K Mfg., Inc. v. Hoffman Int'l, LLC, 2008 WL 363475, at *1 (E.D. Mo. Feb. 6, 2008) (citing Carr Enters., Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983)). "Entry of a default

judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." Woods v. KC Masterpiece, No. 4:04-CV-936 CAS, slip op. at 1 (E.D. Mo. May 14, 2006) (quoted case omitted); see United States v. High Country Broadcasting Co., 3 F.3d 1244, 1245 (9th Cir. 1993) (holding entry of default judgment against corporation appropriate where president and sole shareholder of corporation, who was not a licensed attorney, was attempting to represent the corporation, and court had ordered corporation to retain counsel).

In the Order, the Court informed Defendants that default judgment may be entered against Defendant Global Bowling, LLC, if it failed to obtain substitute counsel. As stated above, Defendant Global Bowling, LLC has not obtained substitute counsel, and the Court has permitted its counsel to withdraw. Therefore, the Court will order Plaintiff to file motions to strike Defendant Global Bowling, LLC's pleadings, and for clerk's entry of default against it, within twenty-one (21) days of the date of this order.

III.   Self-Represented Defendants

Defendants Michael Conejo and Brent Dyer are now self-represented. These Defendants are advised that a self-represented litigant is not excused from complying with Court orders or substantive and procedural law "even without affirmative notice of the application of the rules to [their] case." Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002). See also Bunch v. University of Ark. Bd. of Trustees, 863 F.3d 1062, 1067 (8th Cir. 2017) (party's "status as a pro se litigant did not excuse her from following the local rules."); Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) (self-represented litigant is bound by the same litigation rules as a lawyer, particularly when fulfilling simple requirements of discovery).

The Court's Local Rules and other resources for self-represented litigants are available on the Eastern District of Missouri's website.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Withdraw as Counsel for Defendants Global Bowling, LLC, Michael Conejo, and Brent Dyer (ECF No. 29) filed by attorneys Jason A. Wheeler, William R. Wurm, and the law firm Thompson Coburn LLP is **GRANTED**.

**IT IS FURTHER ORDERED** that by **August 7, 2020**, Plaintiff shall file separate motions to strike Defendant Global Bowling, LLC's pleadings, and for clerk's entry of default against it pursuant to Rule 55(a), Federal Rules of Civil Procedure.

*[Signature: Ronnie L. White]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of July, 2020.

The Court's Local Rules and other resources for self-represented litigants are available on the Eastern District of Missouri's website.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Withdraw as Counsel for Defendants Global Bowling, LLC, Michael Conejo, and Brent Dyer (ECF No. 29) filed by attorneys Jason A. Wheeler, William R. Wurm, and the law firm Thompson Coburn LLP is **GRANTED**.

**IT IS FURTHER ORDERED** that by **August 7, 2020**, Plaintiff shall file separate motions to strike Defendant Global Bowling, LLC's pleadings, and for clerk's entry of default against it pursuant to Rule 55(a), Federal Rules of Civil Procedure.

*/s/ Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of July, 2020.