## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| CAPE DOGWOOD REDEVELOPMENT CORP., | ) ) |
| | ) |
| Plaintiff, | ) ) |
| | ) |
| v. | ) |
| | ) |
| GLOBAL BOWLING, LLC, et al., | ) ) |
| | ) |
| Defendants. | ) |

No. 1:19-CV-23 RLW

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Cape Dogwood Redevelopment Corp.'s ("Plaintiff") Motion to Strike the Pleadings of Defendant Global Bowling, LLC ("Global Bowling"). (ECF No. 33.) Global Bowling did not respond to the Motion to Strike and the time to do so has passed. For the following reasons, the Court will grant the Motion to Strike and order Global Bowling's Answer stricken from the record.

## I. Background

This case was filed in state court and removed on the basis of diversity of citizenship jurisdiction by the Defendants, Global Bowling, Brent Dyer, and Michael Conejo (collectively, "Defendants"). The First Amended Complaint ("Complaint") asserts state law claims for fraud, breach of contract, and unjust enrichment. (ECF No. 17.) The Complaint alleges that Global Bowling is a limited liability company from California that purports to sell bowling equipment and materials for entertainment spaces. Plaintiff created an entertainment establishment in Cape Girardeau, Missouri that offers its customers bowling, arcade games, and other entertainment options. Prior to the establishment's opening, Global Bowling contacted Plaintiff and offered to sell it bowling equipment and other materials.

Plaintiff alleges it paid sums to Global Bowling, but Global Bowling failed and refused to provide much of the materials contracted for. Plaintiff alleges that Global Bowling was engaged in a scheme to defraud it by using Plaintiff's money to pay off other projects and debts. Plaintiff alleges it paid Global Bowling more than $150,000 for equipment and materials that were never delivered, and Global Bowling's fraud caused an extensive delay in opening Plaintiff's business and resulted in it paying other vendors amounts over and above the Global Bowling contract price. Plaintiff claims damages in excess of $300,000.

On June 12, 2020, Defendants' counsel moved to withdraw from the case (ECF No. 29). On June 15, 2020, the Court issued a Memorandum and Order (ECF No. 30) that withheld ruling on defense counsel's motion to withdraw for a period of thirty days to allow Global Bowling time to obtain substitute counsel. The Court ordered Global Bowling to obtain substitute counsel by July 15, 2020, and directed its counsel to provide notice of the Court's Order to the Defendants. (Id. at 3.) The Court cautioned that Global Bowling as an artificial entity could not represent itself in federal court, and that failure to obtain substitute counsel within the time allowed may subject it to a default judgment in favor of Plaintiff. (Id. at 2-3.) Global Bowling did not obtain substitute counsel by July 15, 2020, or thereafter.

The Court granted defense counsel's motion to withdraw by Memorandum and Order of July 17, 2020 (ECF No. 31), and directed Plaintiff to file motions to strike Global Bowling's pleadings and for Clerk's Entry of Default pursuant to Rule 55(a), Federal Rules of Civil Procedure. Plaintiff filed the instant motion to strike Global Bowling's pleadings in compliance with the Court's Order.

## II. Discussion

Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm v. Internal Revenue Serv., 221 F.3d 1059, 1063 (8th Cir.

2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id. A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). A corporate defendant is technically in default on the date a court permits counsel to withdraw because a corporation cannot proceed pro se. Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996). "Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." Berkley Assur. Co. v. BMG Serv. Group LLC, 2019 WL 5423732, at *1 (E.D. Mo. Oct. 23, 2019) (quoting Woods v. KC Masterpiece, 2006 WL 1875524, at *1 (E.D. Mo. June 30, 2006)); see United Fire & Cas. Co. v. Titan Contractors Serv., Inc., 2014 WL 5017923, at *2 (E.D. Mo. Oct. 7, 2014) (answer and counterclaim stricken as a result of corporation's failure to retain substitute counsel); SSM Managed Care Org., L.L.C. v. Comprehensive Behavioral Care, Inc., 2014 WL 241920, at *1 (E.D. Mo. Jan. 22, 2014) (same).

Based on the foregoing, the Court will strike Global Bowling's Answer from the record, as Global Bowling has failed to comply with the Court's Memorandum and Order of June 15, 2020, and is a corporate entity in federal court unrepresented by counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Cape Dogwood Redevelopment Corp.'s Motion to Strike the Pleadings of Defendant Global Bowling, LLC (ECF No. 33) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Global Bowling, LLC's Answer (ECF No. 21) is **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Memorandum and Order to the Defendants, by U.S. Mail, at the following addresses:

3

Global Bowling, LLC
12325 Mills Ave., #21
Chino, CA  91710

Mr. Brent Dyer
Global Bowling, LLC
12325 Mills Ave., #21
Chino, CA  91710     and

Mr. Brent Dyer
5074 Seri Ct.
Riverside, CA  92509

Mr. Michael Conejo
Global Bowling, LLC
12325 Mills Ave., #21
Chino, CA  91710     and

Mr. Michael Conejo
2910 E. Ruby Drive, Apt. H
Fullerton, CA  92831

**SO ORDERED**.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this ⟮5⟯th day of August, 2020.