UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CAPE DOGWOOD REDEVELOPMENT CORP., | ) ) ) | |
| Plaintiff, | ) ) | No. 1:19-CV-23 RLW |
| v. | ) ) | |
| GLOBAL BOWLING, LLC, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This is before the Court on Plaintiff's Motion to Compel (ECF No. 38) directed to self-represented Defendants Brent Dyer and Michael Conejo (collectively, "Defendants"). Plaintiff asks the Court to overrule Defendants' objections to Plaintiff's first set of interrogatories and first request for production of documents directed to each Defendant, and compel them to provide full supplemental responses to certain interrogatories and documents requests. Neither Defendant has responded to the Motion to Compel and the time to do so has passed. See E.D. Mo. Local Rule 4.01(B).

The Court has carefully reviewed the Motion and its exhibits, consisting of each Defendant's Responses and Objections to Plaintiff's interrogatories and requests for production; email correspondence from Plaintiff's counsel to Defendants' former counsel dated June 8, 2020, contesting the objections and asking that responses be provided in full; and written correspondence from Plaintiff's counsel to the Defendants seeking to arrange a telephone call with them to discuss the discovery dispute, pursuant to Local Rule 3.04.[1]

---

[1] Defendants' former counsel moved to withdraw from Defendants' representation four days after receiving the email from Plaintiff's counsel. (See ECF No. 29.) The Court granted Defendants' former counsel leave to withdraw on July 17, 2020. See Mem. and Order (ECF No. 32). Local Rule 3.04(A)

The interrogatory answers and responses to document requests of both Defendant Dyer and Defendant Conejo contain a "Preliminary Statement" and "General Objections" that assert objections and limit the scope of discovery without any reference to specific discovery requests. The Preliminary Statement and General Objections violate Rule 33(b)(4) and Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure, which require that objections be specific, and the Court will summarily overrule them. See also E.D. Mo. Local Rule 3.04(C) ("Upon the filing of a motion to compel, the Court may summarily overrule an objection to any discovery request if the objection is not stated in detail."). The Court notes that both Defendants' Responses and Objections include statements and representations that Defendants would supplement certain of their answers and responses to document requests. Further, Defendants provided no substantive response to a number of the interrogatories. Plaintiff's Motion to Compel states that no supplementation has been provided despite the Defendants' representations.

The Court find that the Motion to Compel should be granted. The Defendants will be ordered to supplement their interrogatory answers and responses to document requests.

The Defendants are reminded that self-represented litigants are not excused from complying with Court orders or substantive and procedural law "even without affirmative notice of the application of the rules to [their] case." Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002). Further, self-represented litigants are bound by the same litigation rules as a lawyer, particularly when fulfilling the simple requirements of discovery. Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam).

---

requires a conference in person or by telephone, along with specific details concerning the conference, or a statement of the reasonable efforts made to confer in person or by telephone. Plaintiff's written correspondence constitute a reasonable effort made to confer with the Defendants by telephone. As the Defendants reside in California, in-person conferences are impractical.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel is **GRANTED**. (ECF No. 38)

**IT IS FURTHER ORDERED** that the "Preliminary Statement" and "General Objections" contained in Defendant Dyer and Defendant Conejo's interrogatory answers and responses to requests for production are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Dyer's objections to interrogatories 4 through 9 and Defendant Conejo's objections to interrogatories 4 through 10 are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Dyer shall provide full supplemental responses to interrogatories 1 through 9 and document requests 1 through 4 to Plaintiff by **August 31, 2020**.

**IT IS FURTHER ORDERED** that Defendant Conejo shall provide full supplemental responses to interrogatories 1 through 11 and document requests 1 through 4 to Plaintiff by **August 31, 2020**.

*[Signature]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 19th day of August, 2020.