**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| CAPE DOGWOOD REDEVELOPMENT CORP., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:19-CV-23 RLW ) |
| GLOBAL BOWLING, LLC, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Global Bowling, LLC's ("Global Bowling") Motion to Set Aside the Entry of Default of Global Bowling (ECF No. 44), and Motion to Reinstate Pleadings or in the Alternative for Leave to File Out of Time, attached to which is the Affidavit of Defendant Brent Dyer (ECF Nos. 45, 45-2). Plaintiff Cape Dogwood Redevelopment Corp.'s ("Plaintiff") opposes the Motions in a combined response (ECF No. 48). Global Bowling did not reply in support of its Motions and the time to do so has passed. For the following reasons, the Court will deny both Motions.

### I. Background

This case was originally filed in state court in December 2018 and removed to federal court in February 2019 by Defendants Global Bowling, Brent Dyer, and Michael Conejo (collectively, "Defendants"). The First Amended Complaint ("Complaint") alleges that Global Bowling is a limited liability company from California that purports to sell bowling equipment and materials for entertainment spaces. Plaintiff created an entertainment establishment in Cape Girardeau, Missouri that offers its customers bowling, arcade games, and other entertainment

options. Prior to the establishment's opening, Global Bowling contacted Plaintiff and offered to sell it bowling equipment and other materials.

Plaintiff alleges it paid sums to Global Bowling, but Global Bowling failed and refused to provide much of the materials contracted for. Plaintiff alleges that Global Bowling was engaged in a scheme to defraud it by using Plaintiff's money to pay off other projects and debts. Plaintiff alleges it paid Global Bowling more than $150,000 for equipment and materials that were never delivered, and Global Bowling's fraud caused an extensive delay in opening Plaintiff's business and resulted in it paying other vendors amounts over and above the Global Bowling contract price. Plaintiff claims damages in excess of $300,000.

Count I of the Complaint asserts a claim against each of the Defendants for fraud; Count II asserts a claim against Global Bowling for breach of contract in the amount of at least $307,379.40; and Count III asserts a claim against Global Bowling for unjust enrichment in the amount of $153,377.50 for materials that Plaintiff paid for but were never received and installed.

On June 12, 2020, Defendants' counsel filed a Motion to Withdraw as Counsel for Defendants (ECF No. 29), which stated that "professional considerations ha[d] arisen" that made withdrawal "necessary." (Id. at 1.) On June 15, 2020, the Court issued a Memorandum and Order (ECF No. 30) that withheld ruling on defense counsel's Motion to Withdraw for a period of thirty (30) days to allow Global Bowling time to obtain substitute counsel. The Court stated that Global Bowling as an artificial entity could not represent itself in federal court, and that failure to obtain substitute counsel within the time allowed may subject it to a default judgment in favor of Plaintiff. (Id. at 2-3.) The Court ordered Global Bowling to obtain substitute counsel by July 15, 2020, and ordered its counsel to provide a copy of Memorandum and Order to the Defendants and file a Notice with the Court certifying they had done so by June 19, 2020. (Id. at 3.) Global Bowling's counsel filed a Certificate of Service stating that on June 16, 2020, he sent copies of the

2

Motion to Withdraw and the Court's Memorandum and Order requiring Global Bowling to obtain substitute counsel to Global Bowling, Brent Dyer, and Michael Conejo by certified mail/return receipt receipted and email. (ECF No. 31.) Global Bowling did not obtain substitute counsel by July 15, 2020.

The Court granted Defendants' counsel's Motion to Withdraw by Memorandum and Order of July 17, 2020 (ECF No. 31), and directed Plaintiff to file motions to strike Global Bowling's pleadings and for clerk's entry of default against it pursuant to Rule 55(a), Federal Rules of Civil Procedure. In compliance with the Court's Order, Plaintiff filed a Motion to Strike the Pleadings of Defendant Global Bowling on July 21, 2020 (ECF No. 33), and a Motion for Entry of Default Pursuant to Rule 55(a) Against Defendant Global Bowling (ECF No. 35).

The Court granted Plaintiff's Motion to Strike Global Bowling's pleadings by Memorandum and Order of August 5, 2020 (ECF No. 40), ordered Global Bowling's Answer stricken from the record, and ordered the Clerk to mail a copy of its Memorandum and Order to each of the Defendants at three separate addresses. (Id. at 3-4.) The Clerk of the Court granted Plaintiff's Motion for Entry of Clerk's Default on August 7, 2020, and entered the default of Global Bowling. (ECF No. 41.)

On August 19, 2020, the Court granted Plaintiff's Motion to Compel full and complete answers to its interrogatories and requests for production of documents, originally served on the Defendants on January 14, 2020. See Mem. and Order (ECF No 42). The Defendants did not respond to the Motion to Compel. (Id. at 1.) The Court summarily overruled Defendants Dyer and Conejo's general objections and ordered them to supplement their interrogatory answers and responses to document requests by August 31, 2020. (Id. at 2-3.)

Also on August 19, 2020, new counsel entered an appearance for the Defendants and filed a Motion to Set Aside the Entry of Default of Global Bowling (ECF No. 44) and a Motion to

3

Reinstate Global Bowling's Pleadings or in the Alternative for Leave to File Out of Time, accompanied by the Affidavit of Defendant Brent Dyer (ECF Nos. 45, 45-2).

## II. Legal Standard

An entry of default under Rule 55(a) will not automatically be set aside. The Federal Rules require that there be a showing of "good cause" to set aside an order of default. Fed. R. Civ. P. 55(c). To determine whether good cause exists, the Court "considers the: (1) blameworthiness or culpability of the defaulting party; (2) existence of a meritorious defense; and (3) prejudice to the other party by setting aside default." Johnson v. Leonard, 929 F.3d 569, 573-574 (8th Cir. 2019) (citing Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)). "Setting aside default is often appropriate 'for marginal failures when there [are] meritorious defenses and an absence of prejudice.'" Id. (quoting Johnson, 140 F.3d at 784). In applying this analysis, the Eighth Circuit "focus[es] heavily on the blameworthiness of the defaulting party." Johnson, 140 F.3d at 784. Eighth Circuit "cases have consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines. [It] ha[s] rarely, if ever, excused the former." Id. (citing cases). In contrast, the Eighth Circuit "has often granted Rule 55(c) and Rule 60(b) relief for marginal failures when there were meritorious defenses and an absence of prejudice." Id. (citing cases).

"Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party." Stephenson v. El-Batrawi, 524 F.3d 907, 914 (8th Cir. 2008) (internal quotation marks and quoted case omitted). "The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default." Id. (quoted case omitted). As to the issue of prejudice, "delay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff." Id. at 915. "Setting aside a default

4

must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Id. (quoted case omitted).

The Court is also mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment. See United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted). "There is a 'judicial preference for adjudication on the merits,' Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993), and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." Johnson, 140 F.3d at 784.

**III. Discussion**

    A. The Issue of Global Bowling's Good Cause

Global Bowling asserts that its failure to comply timely with the Court's Order to obtain substitute counsel was a result of excusable neglect and that it shows good cause to set aside the Clerk's Entry of Default as follows: "Global Bowling, and the other co-defendants, did not understand the Court's deadline for obtaining new Counsel at the exit of their prior Attorneys. Thus, their delay in obtaining new counsel was not done in bad faith, but was in fact a result of inadvertent oversight[.]" (ECF No. 46 at 3.) Global Bowling also asserts that it had previously been actively litigating the case and "upon learning of the Court's Order and their default, Defendants engaged present Counsel and have moved expeditiously to remedy the default[.]" (Id.) The Affidavit of Defendant Dyer states in pertinent part that he is a representative of Global Bowling, that he "did not receive copies of the motion for entry of default or motion to strike filed by Plaintiff," and he "was unaware that my [sic] pleadings had been struck until receiving a copy

by mail from the court." (ECF No. 45-2 ¶¶ 3, 4.)  Dyer further states that his "inaction on behalf of Global Bowling was unintentional, as [he] believed [he] had ample time to secure new counsel to defend this lawsuit." (Id. ¶ 5.)  Global Bowling contends that Plaintiff will not be prejudiced if the default is set aside, because "the affirmative defenses alleged in the initial answer have been on file with the Court for many months and are the subject of significant discovery." (ECF No 46 at 3.)  Global Bowling does not address the merits of any defenses it may have, however.

Plaintiff's opposition sets out a timeline for this case beginning in state court, which supported by citation to exhibits. (ECF No. 48 at 1-3.)  Plaintiff's timeline and opposition memorandum establish that Global Bowling did not respond timely to Petition in the State case, and ultimately removed the case to federal court only after Plaintiff filed a motion for interlocutory order of default in state court. In federal court, the Case Management Order was not issued until November 2019, and Plaintiff served Global Bowling with initial discovery in January 2020. Global Bowling did not respond until April 2020 and its responses were evasive, at best. Global Bowling was informed by its former counsel on two occasions that former counsel would be withdrawing for reasons that former counsel asserted it was precluded from disclosing. (ECF No. 29.)  Plaintiff's counsel objected to the evasive discovery requests and sent additional discovery requests, after which Global Bowling's former counsel almost immediately moved to withdraw.

The Court issued an Order concerning the motion to withdraw that Global Bowling's former counsel served on Global Bowling, and Global Bowling admits it received. In clear and certain terms, the Order (1) directed Global Bowling to obtain new counsel in 30 days; and (2) warned that a default would be entered against if it did not. Global Bowling did not obtain counsel, and if it was confused about the Court's Order, it did nothing to attempt to clarify its confusion. Plaintiff's counsel also states he reached out to Defendants Dyer and Conejo by e-mail

and regular mail about the discovery responses, but neither responded.  (ECF No. 48 at 4.)  Only

after the entry of default did Global Bowling finally respond by filing the instant Motions.

    The averments in Defendant Dyer's affidavit do not establish good cause for Global

Bowling's failure to timely obtain new counsel as ordered by the Court.  Dyer states only:

> 3) I did not receive copies of the motion for entry of default or
> motion to strike filed by Plaintiff.
>
> 4) I was unaware that my pleadings had been struck until receiving a
> copy by mail from the court.
>
> 5) My inaction on behalf of Global Bowling was unintentional, as I
> believed I had ample time to secure new counsel to defend this
> lawsuit.

(ECF No. 45-2).

    Setting aside for the moment that Defendant Dyer did not receive copies of Plaintiff's

motions to strike Global Bowling's pleadings and for clerk's entry of default, it is undisputed that

his former counsel warned Defendants on two occasions that counsel would be withdrawing.  It is

also undisputed that Dyer received the Court's Order of June 15, 2020, which stated in pertinent

part, "IT IS HEREBY ORDERED that Defendant Global Bowling, LLC shall obtain new counsel

and this Defendant's substitute counsel shall enter an appearance in this case by July 15, 2020."

(ECF No. 30 at 3.)  The Order also stated,

> Defendant Global Bowling, LLC is a limited liability company that
> cannot appear or file any papers or motions in this case except
> through a licensed attorney.  Therefore, this Defendant must either
> secure new counsel within the time allowed by the Court or be
> subject to a potential default judgment entered in favor of Plaintiff.

(Id. at 2) (citing cases).  The Order that Global Bowling must obtain new counsel by July 15,

2020, or possibly suffer a default judgment left no room for misunderstanding or

misinterpretation.   Global Bowling's unsupported assertion that the Defendants "did not

understand the Court's deadline for obtaining new Counsel at the exit of their prior Attorneys" is

7

unpersuasive. Defendant Dyer's averment that he "believed [he] had ample time to secure new counsel to defend this lawsuit" is also unpersuasive, as there is no basis in the record to support such a belief.

Because the Defendants knew Global Bowling had to obtain new counsel by July 15, 2020, or face a potential default, its failure to do so was a deliberate act in disregard of the Court's Order. Nothing in the Defendants' Motions establishes good cause or excusable neglect. That said, the fact that Defendants filed their Motions within approximately two weeks after Global Bowling's Answer was stricken and its default entered weighs in favor of a finding that their prior failure to act was not contumacious. See Johnson, 140 F.3d at 784 ("it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits."); see also Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417-418 (4th Cir. 2010) (court must consider, among other factors, whether moving party acted with reasonable promptness in seeking to set aside entry of default; party acted with requisite promptness and diligence when it moved to set aside default within nine days after its counsel learned of existence of suit); Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) (court may consider whether defendant acted expeditiously to correct default); United States v. Di Mucci, 879 F.2d 1488, 1495 (7th Cir. 1989) (quick action to correct default is one factor that must be shown when seeking relief from default judgment).

Returning to the issue of Plaintiff's failure to serve Defendant Dyer with notice of its motions to strike Global Bowling's pleadings and for clerk's entry of default, Rule 55 does not require that a claimant seeking entry of default under Rule 55(a) notify the defaulting party of the application for entry of default, even when the defaulting party, as here, has already appeared in the action. See Rule 55(a), Fed. R. Civ. P.; 10 James Wm. Moore, et al., Moore's Federal Practice § 55.12 (3d ed. 2018) (citing Dow Chem. Pac. Ltd. v. Rascator Maritime, S.A., 782 F.2d 329, 336

(2d Cir. 1986); Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 512 (9th Cir. 1986)). Global Bowling was therefore not entitled to service of the motion for clerk's entry of default, although Plaintiff was required, under Rule 5, Fed. R. Civ. P., to serve Global Bowling with the . motion to strike its pleadings

Plaintiff was also required to serve copies of its Motions on Defendants Dyer and Conejo pursuant to Rule 5, but failed to do so. This failure by Plaintiff, however, cannot excuse Global Bowling's *prior* failure to comply with the Court's Order to obtain counsel by July 15, 2020. If Mr. Dyer had received copies of the Motions, he could not have taken any action on Global Bowling's behalf other than hiring counsel for it, which he already knew the Court had ordered. Further, upon becoming self-represented, Dyer and Conejo failed to make any effort to apprise themselves of the progress of the case by checking the Court's electronic docket, which can be done from any desktop computer, or even by calling the Clerk's Office to make inquiry. Dyer and Conejo also did not respond to emails and letters from Plaintiff's counsel.

The Court certainly "does not approve of [Defendants'] sort of cavalier approach to litigation," Johnson, 140 F.3d at 785, but is mindful of the preference for resolution of litigation on the merits rather than by default. The Court also considers that Plaintiff did not serve Defendants with its Motions, and Defendants' prompt attempt to set aside the entry of default once they learned of it. The Court concludes that Global Bowling's failure to comply with the Order to obtain counsel by July 15, 2020, was significantly more than a marginal failure, but it was not contumacious. As a result, relief from the entry of "default should be granted *if* [Global Bowling] has a meritorious defense and [Plaintiff] will not suffer significant prejudice." Id. (emphasis in original).

The Court therefore examines whether Global Bowling establishes a meritorious defense and whether Plaintiff would be prejudiced if the Clerk's entry is set aside.

B. Global Bowling Does Not Establish a Meritorious Defense

"When the defaulting party lacks a meritorious defense to the claims, relief from default
. . . is pointless. Consequently, the absence of a defense is a sufficient reason to deny relief.
Conversely, when a meritorious defense exists, any doubts should be resolved in favor of the
motion to set aside the default, so that cases may be decided on their merits." 10 Moore's Federal
Practice, § 55.70 (citing United States v. Aguilar, 782 F.3d 1101, 1108–1109 (9th Cir. 2015) (the
absence of a meritorious defense is a sufficient reason to refuse to set aside default); Indigo Am.,
Inc. v. Big Impressions, LLC, 597 F.3d 1, 4 (1st Cir. 2010) ("Where no meritorious defense exists,
it makes little sense to set aside the entry of default, as doing so would merely delay the
inevitable."); Jenkens & Gilchrist v. Groia & Co., 542 F.3d 114, 120 (5th Cir. 2008) (if a defense
fails to present meritorious defense sufficient to support finding on merits for the defaulting party,
a court has discretion to refuse to set aside default judgment); New York v. Green, 420 F.3d 99,
109 (2d Cir. 2005) (absence of meritorious defense is sufficient reason to support district court's
denial of Fed. R. Civ. P. 60(b) motion to set aside default judgment); United States v. $55,518.05
in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984) (meritorious defense is critical issue because
unless party can demonstrate possibility of winning on merits there is no point in setting aside
default)).

The Eighth Circuit has instructed that in determining whether a party establishes a
meritorious defense, "the issue is whether the proffered evidence 'would permit a finding for the
defaulting party,' not whether it is undisputed." Johnson, 140 F.3d at 785 (quoted case omitted).
Where a defendant offers mere "bald allegations" or simple assertions that it has a meritorious
defense, without also offering specific supporting facts or evidence underlying the defense, it is
insufficient to show why the entry of default should be set aside. Stephenson, 524 F.3d at 915
(holding district court correctly concluded defendant did not provide minimally adequate factual

10

support to illustrate the potential viability of his asserted defenses, and thus failed to establish the existence of a meritorious defense).

Here, Global Bowling's opposition memoranda do not address the merits of its defenses. Instead, it states only that it alleged affirmative defenses in its now-stricken Answer that "have been on file with the Court for many months and are the subject of significant discovery." (ECF No. 46 at 3; ECF No. 47 at 3.)  The Court notes that in Global Bowling's Answers and Objections to Plaintiff's First Interrogatories (Pl.'s Ex. 6, ECF No. 48-6), Plaintiff asked Global Bowling to describe the factual basis for its affirmative defenses 2-4, 6, and 8-11.[1]  Global Bowling responded to each of these interrogatories with the same boilerplate objection and answer:

> Defendant objects to this interrogatory on the basis that it calls for legal conclusions, is overbroad, and improperly asks Defendant to marshal its evidence.  Defendant are [sic] still in the process of identifying information responsive to this interrogatory and will supplement it in a timely manner if and when responsive information is identified.

(Pl.'s Ex. 6 at 7-9, ¶¶ 9-16.)  This boilerplate answer offer no facts that can offer support any of Global Bowling's affirmative defenses.  Further, none of the Defendants supplemented their interrogatory answers.  See Mem. and Order of Aug. 19, 2020 (ECF No. 42 at 2).

---

[1] Global Bowling's Answer listed twenty-five (25) affirmative defenses.  The defenses at issue in Plaintiff's interrogatories are: (2) Plaintiff's claims are barred in whole or in part because the negligence or actionable conduct of Plaintiff and/or third parties, either in concert or in combination, constitute the sole or intervening cause of the alleged incident and Plaintiff's injuries; (3) Plaintiff has failed to join all necessary and/or indispensable parties; (4) Plaintiff's claims may be barred in whole or in part to the extent Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised its claims; (6) while denying at all times the existence of any contract between Global Bowling and that was materially breached, Plaintiff's claims are barred in whole or in part to the extent any such alleged breach of contract was due to mutual mistake of material fact; (8) Plaintiff's claims are barred by the doctrines of laches, unclean hands, estoppel, and waiver; (9) Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate his damages, if any, as required by law; (10) Plaintiff's claims should be reduced or diminished to the extent Plaintiff has received benefits from collateral sources or other set-off or recoupment; (11) Plaintiff's claims are barred by the doctrine of substantial performance/compliance.

In sum, Global Bowling makes no proffer of evidence that would permit a finding for it, and does not even offer argument or explanation as to the merits of its defenses. See Johnson, 140 F.3d at 785 (meritorious defense standard). Global Bowling makes no showing of even minimally adequate facts or evidence to support the potential viability of its affirmative defenses. It therefore fails to establish the existence of a meritorious defense. See Stephenson, 524 F.3d at 915. As a result, there does not appear to be any possibility that the outcome after full litigation of the case would be different as to Defendant Global Bowling than the result achieved by a default. See id. at 914.

Because Global Bowling shows no evidence that would permit a finding in its favor, the Court finds this is sufficient reason to deny its motion to set aside the Clerk's entry of default against it. See Johnson, 140 F.3d at 785.

C. Prejudice to Plaintiff if the Default is Set Aside

The Court also addresses the issue of prejudice to Plaintiff, although it is not clear whether Plaintiff must show prejudice where Global Bowling fails to establish a meritorious defense. In the default context, delay alone, or the fact the defaulting party will be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff. Johnson, 140 F.3d at 785. "Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" Id. (quoting Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir.1990) (per curiam)).

Here, Plaintiff states that it has been and will continue to be prejudiced if Global Bowling's default is set aside, because it filed the case two years ago and still does not have adequate responses to even basic discovery requests despite the significant expenditure of time and money. Plaintiff states that if the default is set aside, the discovery process will essentially

begin again and it will be forced to conduct discovery for the entire case within a matter of months, as the trial setting is April 19, 2021.

The Court finds that Plaintiff establishes it will be prejudiced because of increased difficulty in discovery if Global Bowling's default is set aside, based on the facts that the case has been pending two years and during that time Global Bowling has been dilatory and evasive in responding to Plaintiff's discovery requests to support its conclusory affirmative defenses, and now Plaintiff has four months to prepare for the trial of the case and would be required to conduct all of its discovery against Global Bowling by the Case Management Order's discovery deadline of December 31, 2020 (ECF No. 28 at 2).

**Conclusion**

For the foregoing reasons, the Court concludes that Defendant Global Bowling's Motion to Set Aside the Entry of Default of Global Bowling (ECF No. 44), and Motion to Reinstate Pleadings or in the Alternative for Leave to File Out of Time (ECF No. 45), should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Global Bowling, LLC's Motion to Set Aside the Entry of Default of Global Bowling (ECF No. 44) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Global Bowling, LLC's Motion to Reinstate Pleadings or in the Alternative for Leave to File Out of Time (ECF No. 45) is **DENIED**.

Ronnie L. White
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this _16th_ day of December, 2020.