**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| CAPE DOGWOOD REDEVELOPMENT CORP., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:19-CV-23 RLW |
| GLOBAL BOWLING, LLC, et al., | ) ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on the Motion to Withdraw as Counsel (ECF No. 56) for

Defendants Global Bowling, LLC, Michael Conejo, and Brent Dyer, filed by attorney Adam E.

Gohn and Adam Gohn, L.C.   In support, the Motion states in pertinent part:

> 2.   Professional considerations have arisen that make it necessary for
> Adam Gohn to withdraw as counsel for Defendants in this matter.
>
> 3. Missouri Rule of Professional Conduct 1.6 precludes Adam Gohn from
> providing further detail concerning the professional considerations that have
> arisen necessitating its [sic] withdrawal.

(ECF No. 56 at 1.)   The Motion states that Defendants were notified of Mr. Gohn's need to

withdraw on March 2, 2021.   The Motion also "requests appropriate extensions of the remaining

deadlines in the Court's Scheduling Order to minimize any potential prejudice to Defendants."

(<u>Id.</u>)   Plaintiff's counsel filed a Response that states it has no objection to the Motion to

Withdraw.   (ECF No. 57.)

Mr. Gohn entered his appearance for Defendants on August 19, 2020 (ECF No. 43), after

prior counsel was granted leave of Court to withdraw.[1]   The case was referred to alternative

---

[1]A Clerk's Entry of Default was entered against Defendant Global Bowling, LLC on August 7,
2020 (ECF No. 41).   By Memorandum and Order of December 16, 2020 (ECF No. 55), the Court denied

dispute resolution in October 2020 but did not settle.   Under the Order Relating to Trial portion of the Case Management Order, the case is set for jury trial on April 19, 2021, and pretrial compliance materials are due March 30, 2021.   (ECF No. 26 at 2.)

Counsel's conclusory assertion that withdrawal is required does not establish that good cause exists to terminate the representation.[2]  Even assuming that good cause exists, Missouri Supreme Court Rule 4.1-16(c) provides:

> (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation unless the lawyer has filed a notice of termination of limited appearance.  Except when such notice is filed, a lawyer shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating the representation.

Absent a more detailed recitation of compelling circumstances, the Court will not permit the withdrawal of counsel until substitute counsel enters an appearance for the Defendants in this matter.  If the Court were to grant the Motion to Withdraw this would imperil the scheduling order, as counsel expressly requests extensions of the remaining deadlines in the Case Management Order.   Any substitute counsel that might enter an appearance for Defendants would face a very short time period to prepare for the filing of pretrial compliance materials and trial.   Thus, Defendants may suffer prejudice if the Motion to Withdraw is granted, as this would likely leave them unrepresented at trial.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Withdraw as Counsel (ECF No. 56) of attorney Adam E. Gohn and Adam Gohn, L.C., is **DENIED**.

---

Defendants' Motion to Set Aside the Entry of Default of Global Bowling, and Motion to Reinstate Pleadings or in the Alternative for Leave to File Out of Time.

[2]This Court has adopted the Rules of Professional Conduct adopted by the Missouri Supreme Court as its Rules of Professional Conduct.   See E.D. Mo. Local Rule 12.02.

**IT IS FURTHER ORDERED** that Defendants' counsel shall promptly provide a copy of this Memorandum and Order to the Defendants.


RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

Dated this 4th day of March, 2021.